# IN THE MUNICIPAL COURT
# HAMILTON COUNTY OHIO

TINNIE YOUNG
c/o Joshua Evans, Esq.
791 E McMillan Street, Suite #235
Cincinnati, OH 45206

    *Plaintiff,*

Vs.

EQUIFAX INFORMATION SERVICES LLC
2 Sun Court Suite 400 Peachtree Corners GA 30092

    *Defendant.,*

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tinnie Young, by and through undersigned counsel, brings this action against Equifax Information Services LLC for violations of the Fair Credit Reporting Act and states the following.

### PRELIMINARY STATEMENT

1. This action arises from Equifax's failure to provide Plaintiff with a full, clear, complete, and accurate disclosure of the information contained in her consumer file in violation of 15 United States Code section 1681g(a)(1).

2. Equifax also failed to follow reasonable procedures to assure maximum possible accuracy in violation of 15 United States Code section 1681e(b).

3. Equifax further failed to conduct a reasonable reinvestigation after Plaintiff disputed incomplete and misleading information in violation of 15 United States Code section 1681i.

4. The Sixth Circuit has made clear that information is inaccurate not only when it is factually incorrect but also when it is materially misleading or incomplete even if it contains technically accurate components. This standard is stated in Berry v. Experian Information Solutions Incorporated, 115 F.4th 528, 536, decided in 2024.

5. Equifax's conduct toward Ms. Young violated these principles and caused her confusion, emotional distress, frustration, and informational harm.

## JURISDICTION AND VENUE

6. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

7. Venue is proper in this Court because Plaintiff resides in Hamilton County, Ohio, and the acts giving rise to this action occurred in this County, where the disclosure was received, the dispute was sent, and the credit denials occurred.

## PARTIES

8. Plaintiff Tinnie Young is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant Equifax Information Services LLC ("Equifax") is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), engaged in the business of assembling and evaluating consumer information for the purpose of furnishing consumer reports and consumer file disclosures to third parties and consumers for monetary fees, dues, or on a cooperative nonprofit basis.

10. The use of Defendant Equifax Information Services LLC ("Equifax") in this Complaint is intended to include, and does include, all affiliated entities, parent companies, subsidiaries, predecessors, successors, officers, directors, employees, agents, contractors, vendors, and assigns, to the extent they acted on its behalf, participated in, or contributed to the conduct alleged herein.

## THE STATUTORY STANDARD UNDER SECTION 1681g(a)(1)

11. Section 1681g(a)(1) requires a consumer reporting agency to disclose to a consumer all information in the consumer's file at the time of the request.

12. Courts have held that a consumer does not need to use specific or formal language to trigger a file disclosure request under section 1681g(a)(1).

13. The Fair Credit Reporting Act distinguishes between a "consumer report" under section 1681a(d)(1) and a "file" under section 1681a(g).

14. A consumer's file consists of all information recorded and retained by the consumer reporting agency concerning that consumer.

15. A claim under section 1681g(a)(1) does not require proof that the information in the file is inaccurate.

16. Instead, the issue is whether the agency clearly and accurately disclosed all information contained in the consumer's file.

17. The terms "clearly" and "accurately" require that the disclosed information be presented in a manner the consumer can readily understand. Webster's Third New International Dictionary defines "clearly" as "in a clear manner without doubt or question," and "accurately" as "in an accurate manner."

18. The Seventh Circuit has explained that one purpose of section 1681g(a)(1) is to allow consumers to identify and correct inaccuracies before the information is supplied to third parties. Gillespie v. Equifax Information Services LLC, 484 F.3d 938, 941, decided in 2007.

19. A file disclosure may be unclear or inaccurate under section 1681g(a)(1) if it is incomplete, confusing, misleading, or prevents the consumer from verifying or understanding the information.

## INACCURACY STANDARD UNDER SECTIONS 1681e(b) AND 1681i

E-FILED 11/17/2025 8:58 AM / CONFIRMATION 1725676 / 25CV34951 / MUNICIPAL DIVISION / CIVS

20. Section 1681e(b) requires a consumer reporting agency to follow reasonable procedures to assure maximum possible accuracy of the information it reports about a consumer.

21. Section 1681i requires a consumer reporting agency to conduct a reasonable reinvestigation when a consumer disputes the completeness or accuracy of information.

22. Information is inaccurate under these sections when it is factually incorrect or materially misleading in a way that could adversely affect a consumer.

23. The Sixth Circuit reaffirmed that information is inaccurate when it is materially misleading or incomplete even if it contains technically accurate components. Berry v. Experian Information Solutions Incorporated, 115 F.4th 528, 536, decided in 2024.

24. Under this standard the information Equifax maintained about Ms. Young in its reports was inaccurate because it omitted essential information, withheld identifying data, and presented account information in an incomplete manner that created a misleading impression of the true status of the accounts.

25. The Wright-Patt Credit Union tradeline omitted full account identifiers and essential information including the date of last activity, actual payment amount, amount past due, charge off amount, date closed, activity designator, credit limit, deferred payment start date, balloon payment information, and payment history for July 2021 and August 2021. The omissions rendered the account inaccurate, incomplete and materially misleading.

26. The Mariner Finance tradeline omitted the full account identifiers and essential information including the scheduled payment amount, the date of first delinquency, the date major delinquency was first reported, the amount past due, the charge off amount, the deferred payment start date, the balloon payment information, and the payment history for October 2021. These omissions made the account inaccurate and incomplete, prevented Ms. Young from understanding or verifying the account, and created a misleading portrayal of the item.

27. After Ms. Young disputed these issues in writing, Equifax verified the same incomplete and misleading information without correcting or deleting it.

28. This violated section 1681e(b) because Equifax failed to have or maintain reasonable procedures to assure maximum possible accuracy.

29. A reasonable reinvestigation would have addressed the omissions and corrected or deleted the incomplete information. Equifax's failure to do so violated section 1681i.

## FACTUAL ALLEGATIONS

### A. Ms. Young Sought Credit To Repair Her Home

30. In September 2025 Ms. Young sought credit from Digital Federal Credit Union and Lafayette Credit Union.

31. Ms. Young intended to use the extension of credit to replace damaged flooring and old windows to prevent rainwater from entering her home.

32. Both lenders informed her that they needed to review her Equifax credit report before approving her application.

33. Wanting to understand what Equifax was reporting before the lenders received her information, Ms. Young obtained her free annual Equifax disclosure on or about September 16, 2025 through AnnualCreditReport.com.

34. Equifax produced a disclosure dated September 16, 2025.

### B. The September 16, 2025 Disclosure Was Incomplete and Unclear

35. Ms. Young alleges that the disclosure was neither clear nor accurate because it omitted essential information about a Wright-Patt Credit Union account with a partial account number ending in 0001 and a Mariner Finance account with a partial account number ending in 7119.

### C. Wright-Patt Credit Union Account Issues

36. Equifax disclosed only a partial account number ending in 0001.

37. Equifax omitted essential information including the date of last activity, actual payment amount, amount past due, charge off amount, date closed, activity designator, credit limit, deferred payment start date, balloon payment information, balloon payment date, and payment history for July and August 2021.

38. These omissions prevented Ms. Young from matching the account to her own records, hindered her ability to understand the disclosed information because it lacked transparency and the truthfulness required to evaluate the account, created confusion regarding her credit information, and further affected her ability to protect her creditworthiness because the information was not disclosed in a clear and accurate manner.

**D. Mariner Finance Account Issues**

39. Equifax disclosed only a partial account number ending in 7119.

40. Equifax omitted essential information including the scheduled payment amount, date of first delinquency, date major delinquency was first reported, amount past due, charge off amount, deferred payment start date, balloon payment information, balloon payment date, and payment history for October 2021.

41. These omissions prevented Ms. Young from matching the account to her own records, hindered her ability to understand the disclosed information because it lacked transparency and the truthfulness required to evaluate the account, created confusion regarding her credit information, and further affected her ability to protect her creditworthiness because the information was not disclosed in a clear and accurate manner.

**E. Equifax Had More Information Than It Disclosed**

42. Ms. Young alleges that Equifax possessed more complete account identifiers associated with the Wright-Patt Credit Union partial account number ending in 0001 and the Mariner Finance partial account number ending in 7119 than the four digits disclosed in the September 16, 2025 disclosure.

43. She further alleges that Equifax also possessed more complete Metro 2 information for these items, including but not limited to the date of last activity, the actual payment amount, the

amount past due, the charge off amount, the date the account was closed, the activity designator, the deferred payment start date, the balloon payment amount, the balloon payment date, and the missing payment history for both accounts.

44. Ms. Young alleges that upon information and belief these items and the associated information are not only within Equifax's files but are information that is or could have been included in the reports that Equifax prepares and maintains concerning her.

45. Ms. Young never requested truncation of any account numbers or any other information associated with the Wright-Patt Credit Union partial account number ending in 0001 or the Mariner Finance partial account number ending in 7119.

46. when she requested her disclosure from Equifax. She expected Equifax to provide all of the information it possessed, not incomplete or untruthful data.

**F. Ms. Young's Dispute and Equifax's Reinvestigation**

47. On September 19, 2025 Ms. Young submitted a written dispute to Equifax identifying the incomplete and misleading information associated with both the Wright-Patt Credit Union account ending in 0001 and the Mariner Finance account ending in 7119.

48. Ms. Young informed Equifax that the account numbers for both accounts were incomplete and did not contain the full and accurate identifiers necessary for her to match the information to her own records.

49. She explained that because the account numbers were truncated, she could not determine whether the account items belonged to her.

50. Ms. Young also identified in writing that both accounts contained missing and incomplete Metro 2 fields that prevented her from understanding the status, history, or accuracy of the accounts.

51. She notified Equifax that missing fields included past due amounts, actual payment amounts, delinquency dates, charge off information, deferred payment information, balloon payment information, and portions of the payment history.

52. She explained that the omissions rendered the accounts incomplete, misleading, lacking transparency, and lacking the truthfulness necessary to evaluate the information.

53. Ms. Young specifically advised Equifax that the omissions in both tradelines created confusion, prevented her from understanding her disclosure, and deprived her of the ability to verify the accuracy of the items.

54. She stated that the information was incomplete, misleading, confusing, and did not reflect truthful information.

55. Ms. Young further alleged that Equifax already possessed the full account numbers, or more than the four digits that were disclosed, as well as the missing Metro 2 fields at the time she submitted her dispute.

56. Ms. Young alleges that Equifax withheld this information from the September 16, 2025 disclosure even though it existed within Equifax's files at the time of her request and was information that could have been or should have been included in the reports Equifax prepares and maintains concerning her.

57. Ms. Young never requested any truncation of any account numbers or any limitation on the information to be disclosed.

58. She requested her full file, and Equifax was required by law to disclose all information in its possession.

59. Equifax issued reinvestigation results dated October 15, 2025 with confirmation number 5269610057.

60. Equifax did not correct or delete the incomplete or misleading information and instead verified the same truncated account identifiers and the same missing Metro 2 fields that Ms. Young identified in her dispute.

61. Equifax failed to update the Wright-Patt Credit Union account to include essential fields such as the amount past due, date of last activity, date closed, charge off information, deferred

payment fields, balloon payment fields, and the missing payment history. These fields remained blank after reinvestigation.

62. Equifax also failed to update the Mariner Finance account to include the scheduled payment amount, date of first delinquency, date major delinquency was first reported, amount past due, charge off information, deferred payment fields, balloon payment information, and the missing payment history. These fields remained blank after reinvestigation.

63. Ms. Young alleges that Equifax's reinvestigation was unreasonable because a reasonable reinvestigation would have identified that the account numbers were incomplete, that essential Metro 2 fields she complained about in her dispute were missing, and that the information was materially misleading and incomplete. A reasonable reinvestigation would have corrected or deleted the inaccurate information.

64. Ms. Young alleges that Equifax's conduct violated 15 United States Code section 1681i because Equifax verified inaccurate and incomplete information and failed to correct or delete the disputed items despite her clear identification of the deficiencies.

65. Ms. Young further alleges that Equifax's conduct violated 15 United States Code section 1681e(b) because Equifax failed to have or maintain reasonable procedures to assure maximum possible accuracy.

66. Reasonable procedures would not permit the reporting or verification of information that is materially incomplete, misleading, or lacking essential Metro 2 fields when Equifax possessed more complete information within its own files.

67. Under the standard reaffirmed in Berry v. Experian, information is inaccurate when it is materially misleading or incomplete.

68. Ms. Young alleges that Equifax's continued reporting and verification of missing fields and truncated account numbers demonstrates that Equifax's procedures were not reasonably designed to assure maximum possible accuracy before or after her dispute.

E-FILED 11/17/2025 8:58 AM / CONFIRMATION 1725676 / 25CV34951 / MUNICIPAL DIVISION / CIVS

69. Ms. Young further alleges that Equifax failed to have or maintain reasonable procedures to assure maximum possible accuracy as required by 15 United States Code section 1681e(b).

70. A consumer reporting agency with reasonable procedures would not allow account numbers to be reported in an incomplete manner that prevents the consumer from identifying the account, would not omit essential Metro 2 fields such as payment history, delinquency dates, actual payment amounts, past due amounts, charge off information, or date of last activity, and would not maintain or verify information that it knew or should have known was materially incomplete or misleading.

71. Ms. Young alleges that Equifax knew or should have known that reporting incomplete account identifiers and omitting essential Metro 2 fields could adversely affect a consumer, including causing confusion, impairing a consumer's ability to verify the information, and contributing to adverse credit decisions.

72. Ms. Young alleges that Equifax's procedures were unreasonable because they permitted the reporting of inaccurate, incomplete, and misleading account identifiers and allowed the omission of essential account data even though Equifax possessed more complete account numbers and complete Metro 2 fields within its own files.

73. Under the standard reaffirmed in Berry, information that is materially misleading or incomplete is inaccurate, and Equifax's failure to prevent such information from appearing in Ms. Young's file before and after her dispute demonstrates that its procedures were not reasonably designed to assure maximum possible accuracy.

## ACTUAL DAMAGES

74. Plaintiff incorporates all prior paragraphs.

75. Ms. Young alleges that she was confused and unable to understand the disclosure because essential information was missing, incomplete, or withheld.

76. Ms. Young alleges that Equifax possessed this information at the time of her request but failed to disclose it, which deprived her of information she was legally entitled to receive and

hindered her ability to understand, verify, or evaluate the information Equifax maintained about her.

77. Ms. Young alleges that she suffered emotional distress, frustration, and anger when she received the unclear and incomplete disclosure and again when Equifax failed to correct or delete the information after she disputed it.

78. Ms. Young alleges that she felt her time was wasted and that Equifax disregarded its statutory duties under sections 1681g(a)(1), 1681e(b), and 1681i.

79. Ms. Young alleges that she incurred actual damages including confusion, emotional distress, frustration, informational injury, and procedural injury resulting from Equifax's failure to disclose complete information, its maintenance of incomplete and misleading account data, and its failure to conduct a reasonable reinvestigation, and she further alleges that these damages are ongoing.

### Willfulness Allegations

80. Ms. Young alleges that Equifax's violations of 15 United States Code sections 1681g(a)(1), 1681e(b), and 1681i were willful within the meaning of 15 United States Code section 1681n.

81. Upon information and belief Equifax provides consumers, including Ms. Young, with a written Summary of Rights under the Fair Credit Reporting Act that expressly informs consumers that they are entitled to receive "all information" a consumer reporting agency has in its files about them.

82. Ms. Young alleges that Equifax's inclusion of this notice demonstrates that Equifax has knowledge of its statutory duty to provide full, complete, and accurate file disclosures upon request. Despite this knowledge Equifax failed to disclose the full account identifiers, missing Metro 2 fields, payment history, delinquency information, and other essential data described throughout this complaint at the time of Ms. Young's request.

83. Ms. Young alleges that Equifax's decision to withhold this information despite knowing its statutory duty to disclose all file information shows conscious disregard of the requirements

of section 1681g(a)(1). She further alleges that Equifax's failure to correct or delete the incomplete and misleading information after her dispute demonstrates a reckless disregard for its reinvestigation obligations under section 1681i and for its accuracy obligations under section 1681e(b).

84. Ms. Young alleges on information and belief that Equifax has been sued repeatedly in federal and state courts across the United States by consumers and attorneys for the same issues described in this complaint, including withholding account numbers and key Metro 2 fields in file disclosures, failing to assure maximum possible accuracy, and conducting reinvestigations that verify incomplete or misleading information.

85. Ms. Young alleges that despite this repeated litigation and repeated notice of these issues Equifax has failed to change its policies, practices, or procedures relating to file disclosures, accuracy, or reinvestigations.

86. Ms. Young further alleges that Equifax's continued withholding of information from consumers, continued maintenance of incomplete and misleading account data, and continued verification of disputed information without correction demonstrates recklessness under the standard set forth in Safeco.

87. A company acts willfully when it either knowingly violates the statute or recklessly disregards its requirements. Ms. Young alleges that Equifax's conduct falls within both categories.

88. Ms. Young alleges that Equifax's violations are ongoing and that Equifax continues to maintain incomplete information in its files and continues to verify inaccurate or misleading information despite having actual or constructive knowledge of its statutory duties.

89. For these reasons Ms. Young seeks statutory damages, punitive damages, and any other relief available under 15 United States Code section 1681n.

## COUNT I

### Violation of 15 U.S.C. § 1681g(a)(1)

### Failure to Provide a Clear, and Accurate File Disclosure

90. Plaintiff incorporates all preceding paragraphs as if fully rewritten here.

91. Section 1681g(a)(1) requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file at the time of the request.

92. Ms. Young requested her file, and Equifax produced a disclosure dated September 16, 2025.

93. Equifax failed to disclose all information in Ms. Young's file because it withheld complete account identifiers and essential Metro 2 fields for the Wright-Patt Credit Union account ending in 0001 and the Mariner Finance account ending in 7119.

94. Equifax disclosed only partial account numbers ending in 0001 and 7119, despite possessing the complete identifiers within its files.

95. Equifax also withheld essential information including payment history, delinquency dates, past due amounts, charge off information, deferred payment fields, balloon payment information, scheduled payment amounts, and other Metro 2 data.

96. These omissions rendered the disclosure unclear, incomplete, misleading, and not in a form a consumer could reasonably understand.

97. Ms. Young never requested truncation or modification of her account numbers or any other information.

98. Ms. Young alleges that Equifax possessed the withheld information at the time of her request because it existed within its files and could have been included in the reports Equifax prepares and maintains concerning her.

99. As a result of Equifax's violation of section 1681g(a)(1) Ms. Young suffered actual damages including confusion, emotional distress, frustration, informational injury, and procedural injury, and she alleges that these damages are ongoing.

100. Equifax's conduct was willful because it knowingly withheld information despite issuing consumers a Summary of Rights stating that they are entitled to all information in their files.

101. Ms. Young seeks statutory damages, punitive damages, actual damages, costs, and attorney's fees.

## COUNT II

### Violation of 15 U.S.C. § 1681e(b)

### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

102. Plaintiff incorporates all preceding paragraphs as if fully rewritten here.

103. Section 1681e(b) requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy.

104. Equifax reported incomplete and misleading information for the Wright-Patt Credit Union account ending in 0001 and the Mariner Finance account ending in 7119 by disclosing only truncated account numbers and omitting essential Metro 2 fields.

105. Equifax omitted key fields including the date of last activity, actual payment amounts, past due amounts, delinquency dates, charge off information, scheduled payment amounts, deferred payment fields, balloon payment information, and portions of the payment history.

106. Ms. Young alleges that Equifax possessed complete account numbers more than what was disclosed and reported and more complete Metro 2 information but failed to use procedures that would assure accurate, complete, and truthful reporting.

107. Reasonable procedures would not permit truncating and reporting incomplete account numbers that prevent a consumer from identifying the account, nor would they permit leaving essential Metro 2 fields blank either before or after a consumer disputes the information.

108. Equifax's continued reporting of incomplete and misleading data shows its procedures were not reasonably designed to assure maximum possible accuracy.

109. As a result of Equifax's violation Ms. Young suffered emotional distress, confusion, informational injury, procedural injury, and frustration, and she alleges that these damages are ongoing.

110. Equifax's violation was willful because it has been sued repeatedly for the same conduct and continues to use the same procedures.

111. Ms. Young seeks statutory damages, punitive damages, actual damages, costs, and attorney's fees.

## COUNT III

### Violation of 15 U.S.C. § 1681i

### Failure to Conduct a Reasonable Reinvestigation

112. Plaintiff incorporates all preceding paragraphs as if fully rewritten here.

113. Section 1681i requires a consumer reporting agency to conduct a reasonable reinvestigation when a consumer disputes the completeness or accuracy of information.

114. On September 19, 2025 Ms. Young submitted a detailed written dispute identifying the incomplete account numbers and missing fields for the Wright-Patt Credit Union account ending in 0001 and the Mariner Finance account ending in 7119.

115. Ms. Young explained that the truncated account numbers prevented her from identifying or matching the accounts and that the missing fields rendered the items incomplete, misleading, confusing, and lacking the truthfulness needed to evaluate them.

116. She specifically identified missing delinquency dates, payment history, scheduled payment amounts, past due amounts, charge off information, deferred payment fields, and balloon payment data.

117. Equifax issued reinvestigation results dated October 15, 2025 and verified the same incomplete and misleading information.

118. Equifax did not correct or delete the incomplete identifiers or the missing Metro 2 fields.

119. A reasonable reinvestigation would have identified the omissions and corrected or deleted the inaccurate, incomplete and misleading information. Equifax failed to do so.

120. Equifax's reinvestigation was unreasonable because it disregarded Ms. Young's specific, itemized dispute and simply verified the same defective data.

121. As a result Ms. Young suffered actual damages including emotional distress, confusion, informational injury, procedural injury, and frustration, and she alleges that these damages are ongoing.

122. Equifax's violation was willful and or negligent because it had actual or constructive knowledge that its reinvestigation procedures were inadequate and had repeatedly been placed on notice of similar failures through prior lawsuits and consumer complaints, yet continued to use the same deficient practices.

123. Ms. Young seeks statutory damages, punitive damages, actual damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tinnie Young respectfully requests that this Honorable Court enter judgment against Defendant Equifax Information Solutions Inc and award the following relief:

a. The greater of statutory damages of up to $1,000 per violation or Plaintiff's actual damages, pursuant to 15 U.S.C. §1681n(a)(1)(A), or in the alternative, actual damages pursuant to 15 U.S.C. §1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

c. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1681n(a)(3) and/or §1681o(a)(2); and

d. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Tinnie Young hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ Joshua Evans

Joshua Evans, Esq. (Bar No. 98007)

Attorney for Plaintiff Tinnie Young

791 E. McMillan Street, Suite 235

Cincinnati, Ohio 45206

Email: AttorneyjoshE@gmail.com

Phone: (513) -405-4562

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, a true and correct copy of the foregoing Complaint was served upon all entitled parties by the Clerk of Court using the CM/ECF system, which will automatically serve notice of this filing upon all counsel of record, or alternatively, by priority mail in accordance with the applicable rules of civil procedure.

Respectfully submitted,

/s/ Joshua Evans

Joshua Evans, Esq. (Bar No. 98007)

Attorney for Plaintiff Tinnie Young

791 E. McMillan Street, Suite 235

Cincinnati, Ohio 45206

Email: AttorneyjoshE@gmail.com

Phone: (513) -405-4562